# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-02342-SCT

*MARY JENKINS, ADMINISTRATOR OF THE
ESTATE OF MILDRED WOODSON, DECEASED;
PERSONAL REPRESENTATIVE OF THE
WRONGFUL DEATH BENEFICIARIES OF
MILDRED WOODSON, DECEASED; AND
INDIVIDUALLY AS THE DAUGHTER AND HEIR
AT LAW OF MILDRED WOODSON, DECEASED*

*v.*

*PENSACOLA HEALTH TRUST, INC., A
MISSISSIPPI CORPORATION, OWNER, d/b/a
GREENBOUGH NURSING CENTER AND ITS
REPRESENTATIVES, AGENTS AND ALL
RELATED TO SUCH DEFENDANTS; AMANDA
KIRK, A MISSISSIPPI RESIDENT,
ADMINISTRATOR AT GREENBOUGH NURSING
CENTER; (ALL UNSPECIFIED DEFENDANTS
BEING FICTITIOUS PARTIES AND UNKNOWN
PARTIES IN INTEREST)*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2005 |
| TRIAL JUDGE: | HON. ALBERT B. SMITH, III |
| COURT FROM WHICH APPEALED: | COAHOMA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GLOVER A. RUSSELL, JR. |
| ATTORNEYS FOR APPELLEES: | JAMES P. STREETMAN, III |
| | MARY MARGARET WAYCASTER |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | PETITION GRANTED.  AFFIRMED IN PART;  REVERSED IN PART AND REMANDED: 04/27/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1. The question presented in this interlocutory appeal is whether the statute of limitations which has expired on a particular claim of tortious conduct is preempted by the statute of limitations on bringing a wrongful death suit.

## FACTS AND PROCEDURAL HISTORY

¶2. Mildred Woodson lived at the Greenbough Nursing Center from December 20, 1997 until her death on October 4, 2001. On December 31, 2002, Mary Jenkins, administratrix of the Woodson estate, filed suit against Pensacola Health Trust, Inc., claiming that while Ms. Woodson was a resident of Greenbough, she sustained severe personal injuries which led to her death.

¶3. On March 18, 2004, Pensacola filed a motion for partial summary judgment seeking to have the trial court dismiss all of the Plaintiff's claims of tortious conduct which allegedly occurred or accrued before December 31, 1999 (more than three years prior to filing suit), and all claims for which Jenkins did not provide a specific date of occurrence. Pensacola argued that the statute of limitations on bringing a wrongful death suit did not revive an otherwise expired statute of limitations on specific allegations of tortious conduct.

¶4. In granting partial summary judgment, the trial court held that "Plaintiff's complaint contains allegations of specific injuries resulting from specific tortious acts. Each specific tortious act must, on its own, comport with the applicable statute of limitations for that tort." Thus, the trial court dismissed, with prejudice, all claims which occurred or accrued before December 31, 1999. The trial court also granted summary judgment as to all claims of

2

tortious conduct for which Jenkins was unable to prove the specific dates of occurrence or accrual.

## DISCUSSION

¶5.    We have long held this Court applies a de novo standard of review of a trial court's grant or denial of a motion for summary judgment. *McKinley v. Lamar Bank*, 919 So.2d 918, 925 (Miss.2005) (citing *Satchfield v. R.R. Morrison & Son, Inc.*, 872 So.2d 661, 663 (Miss.2004); *McMillan v. Rodriguez*, 823 So.2d 1173, 1176-77 (Miss.2002); *Lewallen v. Slawson*, 822 So.2d 236, 237-38 (Miss.2002); *Jenkins v. Ohio Cas. Ins. Co.*, 794 So.2d 228, 232 (Miss.2001); *Aetna Cas., & Sur. Co. v. Berry*, 669 So.2d 56, 70 (Miss.1996)). In performing this task, we review all evidentiary matters in the record, including admissions in pleadings, answers to interrogatories, depositions, and affidavits. *Mckinley*, 919 So.2d at 925 (quoting *Berry*, 669 So. 2d at 70). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. *Id.*

¶6.    Simply stated, the question presented is whether the statute of limitations for wrongful death lawsuits is subject to the statute of limitations for the underlying tort. Wrongful death claims must be based on a claim of some wrongful conduct which led to the death. Each act of alleged wrongful conduct, whether an intentional or negligent act, has its own statute of limitations. For instance, a careless driver who causes an accident and injuries may be sued for negligence, subject to the three-year statute of limitations on negligence. However, if the injured party dies as a result of the accident, the negligence suit is transformed into a suit for

wrongful death.  Nevertheless, the gravamen of the claim is the negligent act which led to the death.

¶7.    In *Gentry v. Wallace*, 606 So.2d 1117 (Miss. 1992), Mary Gentry was advised by her physician on March 1, 1985, that there had been medical malpractice.  She died on March 15, 1985.  A wrongful death suit was filed on March 16, 1987, two years following her death, and two years and fifteen days following her knowledge of the alleged negligent act.  The defendants filed a motion for summary judgment, contending that the two-year statute of limitations began to run on March 1, 1985, and expired on March 1, 1987.  In granting summary judgment, the trial court ruled that the cause of action accrued on March 1, 1985, when the failure to diagnose came to light, and it expired two years later on March 1, 1987.  *Gentry*, 606 So.2d at 1119.  In reversing the trial court, this Court stated:

> We see several flaws in the appellees' analysis.  First, there is nothing in the record to establish that the plaintiff, John Billy Gentry, knew or should have known about the defendants' negligence on March 1, 1985.  It is clear that Mary Gentry knew.  Had she lived and brought a personal injury action, the limitations period would no doubt have expired on March 1, 1987.  But, as we have already established, a wrongful death action is an entirely different creature than a personal injury action.  A wrongful death cause of action belongs to the *survivor*, not to the decedent.  What the decedent knew and when, is therefore irrelevant in determining the date on which a limitations period begins to run for purposes of a wrongful death action.  We must look at what the survivor knew or should have known.
> . . . .
>
> Secondly, the appellees misconceive what it is that a wrongful death plaintiff should 'know' in order to trigger the statute of limitations statute. . . . .  The most basic fact a wrongful death plaintiff must know in order to be aware that he is '"entitled to bring an action' is that a death has occurred.  A physician can engage in the most wretched acts of negligence in plain view of a patient's

4

family, but until the patient dies, the family members cannot know the one indispensable fact that would 'entitle them to bring an action'. In the wrongful death context, therefore, the 'alleged act, omission, or neglect' to which [the statute] necessarily refers is to *lethal* conduct. There is no logical way that a potential wrongful death plaintiff can know or discover' conduct entitling him to sue until the decedent dies. . . . . [Billy Gentry] could not have 'known' that the doctors had committed acts of *lethal* negligence until Mary Gentry died."

***Gentry***, 606 So. 2d at 1121- 22.

¶8. Thus, this Court held that a new statute of limitations for wrongful death begins to run on the date of death, regardless of when the statute of limitations began to run for the underlying tort which led to the death. The dissent pointed out that "[t]he gravamen of the malpractice claim is the same whether the patient suffers personal injuries or wrongful death." *Id.* at 1124. The dissent further reasoned that the language of the statute was contrary to the holding of the majority.

¶9. The issue was decided differently in ***Thiroux v. Austin***, 749 So.2d 1040 (Miss.1999), wherein a seven-justice majority held that "a wrongful death action, since it is predicated on an underlying tort, is limited by the statute of limitations applicable to the tort resulting in the wrongful death." ***Thiroux***, 749 So.2d at 1042.

¶10. In 2003, relying on ***Thiroux***, this Court decided ***Lee v. Thompson***, 859 So. 2d. 981 (Miss. 2003), which stated:

We note that the parties in this case have concluded that the applicable statute of limitation is that found in Miss. Code Ann. §15-1-49 (1995), the general three-year statute of limitation applied to 'all claims for which no other period of limitations is prescribed.' However, a wrongful death action, since it is predicated on an underlying tort, is limited by the statute of limitation applicable to the tort resulting in the wrongful death. In this case, the

5

underlying tort is one of assault and battery (murder), which cause is limited to a one-year period. Miss. Code Ann. § 15-1-35 (1995).

*Lee*, 859 So. 2d. at 990.

¶11. Since 1999, this Court has followed the precedent set by **Thiroux** and **Thompson**. *See also* **Wells v. Radiator Specialty Co.**, --- F.Supp.2d ----, 2006 WL 302285 (S.D.Miss.2006); **Beck v. Koppers, Inc.**, 2005 WL 2715910 (N.D.Miss.,2005).

¶12. Recognizing that, in **Thiroux**, we should have specifically overruled **Gentry**, we do so now, and hold that the statute of limitations on bringing a wrongful death claim is subject to, and limited by, the statute of limitations associated with the claims of specific wrongful acts which allegedly led to the wrongful death.

¶13. The three year statute of limitations applicable to negligence actions is codified in Miss. Code Ann. Section 15-1-49 (Rev.2003). We hold that Jenkins may not rely on any act of negligence which allegedly occurred three years before the complaint was filed on December 31, 2002. Claims – whether for negligence or wrongful death – that were not brought within the applicable statute of limitations are barred by that statute.

¶14. The next issue that must be decided by this Court is whether the trial court was correct in granting summary judgment on all claims for which Jenkins did not provide a specific date of occurrence. Pensacola asserted the statute of limitations as an affirmative defense. The burden of proving an affirmative defense lies upon the party who relies upon that defense. *See* **Graham v. Pugh**, 417 So.2d 536, 541 (Miss. 1982). In **Gulf Nat'l Bank v. King**, 362 So.2d 1253, 1255 (Miss.1978), this Court held that when a defendant pleads the statute of

6

limitations as a defense and shows that the suit is thereby barred, he has met this burden of proof. Here, Pensacola plead the statute of limitations as a defense and must therefore show that the claims for which Jenkins did not provide a specific date of occurrence were barred by that statute. It is, of course, for Jenkins to demonstrate that the acts of alleged negligence occurred at all. Should Jenkins succeed in doing so without any proof as to when the act of alleged negligence occurred, it will then be up to Pensacola to demonstrate that the statute of limitations expired prior to bringing suit on the particular claim.

¶15.    In reviewing a motion for summary judgment, we must view the evidence in the light most favorable to the Plaintiff, Jenkins. We agree with her argument that placing the burden on her to disprove Pensacola's statute of limitations defense is error. Therefore, as to claims for which no specific date of occurrence has been shown, we reverse the trial court and hold that summary judgment shall be affirmed only as to claims where specific dates are proven. It is defendant's burden to establish the statute has expired on the remaining claims.

**CONCLUSION**

¶16.    We affirm the trial court's holding that all of the Plaintiff's claims occurring more than three years prior to the filing of the wrongful death lawsuit should be dismissed. Further, we hold that the trial court was incorrect in finding that all claims as to which Jenkins could not provide a specific date of occurrence are barred. Therefore, we affirm in part and reverse in part the judgment of the Coahoma County Circuit Court, and we remand for proceedings consistent with this opinion.

7

¶17.    PETITION GRANTED.  AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

SMITH, C.J., WALLER, P.J., EASLEY AND CARLSON, JJ., CONCUR. COBB, P.J., DIAZ, GRAVES AND RANDOLPH, JJ., NOT PARTICIPATING.