GRIFFIS, J.,
for the Court.
¶ 1. Helen May, individually and on behalf of all wrongful death beneficiaries of Jefferson Davis May, brings this appeal of a summary judgment entered in favor of the Defendants, Pulmosan Safety Equipment Corporation, American Optical Corporation, Empire Abrasive Equipment Corporation, Louis M. Gerson Company, Inc., Mine Safety Appliances Company, Mississippi Valley Silica Company, Inc., Pauli & Griffin Company, Inc., and Schramm, Inc., among others (collectively referred to as the “Appellees”). On appeal, May argues that the trial court erred in barring her cause of action before it came into being, and that the statute of limitations defense does not challenge the merits of the underlying cause of action. We find no error and affirm.
FACTS
¶ 2. On March 18, 2002, Jefferson Davis May (“J.D.”) sued the Appellees for personal injuries he sustained as a result of being exposed to silicon dust. The Appel-lees were manufacturers of sand and various safety equipment used by J.D. in his career as a sandblaster. J.D. contracted silicosis sometime in the 1970s as a result of his exposure during the period from 1953 to 1968.
¶ 3. On May 6, 2002, J.D. died of silicosis. His wife Helen was substituted as the plaintiff, both individually and on behalf of J.D.’s wrongful death beneficiaries, on April 8, 2004. Since this was a mass tort complaint, it already alleged wrongful death among the claims against Appellees.
¶ 4. The trial court granted summary judgment based on its finding that J.D.’s claims for personal injuries were time-barred, and as a consequence, Helen’s wrongful death claim was time-barred as well.
STANDARD OF REVIEW
¶ 5. This Court employs a de novo standard of review of a lower court’s grant or denial of summary judgment and examines all the evidentiary matters before it — admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. McMillan v. Rodriguez, 823 So.2d 1173, 1176-77(¶ 9) (Miss.2002) (citations omitted). The evidence must be viewed in the light most favorable to the party against whom the motion has been made. Id. at 1177(¶ 9). If, in this view, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his or her favor. Id. Issues of fact sufficient to require reversal of a summary judgment obviously are present where one party swears to one *485 version of the matter in issue and another says the opposite. Id.
ANALYSIS

I. Did the trial court err in barring Helen’s claim before it came into being?

II. Is the statute of limitations defense procedural or substantive?

¶ 6. Although listed as separate issues, these issues actually contemplate a sole question — -when does a claim for wrongful death accrue. Therefore, we will address these issues together.
¶7. Helen argues the trial court erred because it held that her wrongful death claim expired before J.D. died. The Ap-pellees argue that the trial court was correct because a wrongful death claim is derivatively subject to. any defenses that would apply against the decedent.
¶ 8. “[A] wrongful death claim is subject to, and limited by, the statute of limitations associated with the claims of specific wrongful acts which allegedly led to the wrongful death.” Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923, 926(¶ 12) (Miss.2006). The wrongful death claim accrues when the claim for the underlying wrongful conduct accrues. Id. at (¶¶ 12-13). This limitations period may be tolled by the discovery rule. Sarris v. Smith, 782 So.2d 721, 724(¶ 11) (Miss.2001). For example, in Jenkins, the plaintiff brought a claim for the negligent wrongful death of a nursing home patient. Jenkins, 933 So.2d at 923(¶ 2). The tor-tious conduct occurred December 31, 1999. Id. at (¶ 3). As a result of this conduct, the patient died on October 4, 2001. Id. at (¶ 2). The wrongful death action was filed December 31, 2002. ., Id. The supreme court held it was time-barred because it was filed more than three years after December 31, 1999, the date the tortious conduct occurred. Id. at (¶ 13).
¶ 9. J.D. was diagnosed with silicosis in 1971. Viewing the evidence in the light most favorable to the Mays, J.D. discovered the Appellees’ tortious conduct, if any, by March 11, 1997. A medical record on this date is the first mention in the record that J.D.’s silicosis was a result of his job as a sandblaster. Therefore, J.D.’s claim against the Appellees began to run March 11, 1997. J.D.’s complaint, filed March 18, 2002, included claims for intentional and negligent wrongful death. Helen and J.D.’s other wrongful death beneficiaries were substituted as parties in April of 2004. Thus, the wrongful death claim against the Appellees is time-barred. The statute of limitations expired before this litigation was commenced. Miss.Code Ann. §§ 15-1-35; 15-1-49 (Rev.2003).
¶ 10. In the separate opinion, Judge Chandler cites Gentry for the proposition that “Jenkins did not alter the rule that a wrongful death action does not accrue until the death occurs.” We are of the opinion that this is precisely the point that the Supreme Court held when in Jenkins the Court overruled Gentry. We interpret the separate opinion to say that there remains the possibility of a restart to the limitations period so long as the injured person dies within the limitations period, but there is no such possibility of a restart to the limitations period if the injured person dies outside of the limitations period. Using the parties of this case as an example, if J.D. had died one day before the end of the limitations period, the principle offered by the separate opinion would allow an additional three years for J.D’s wrongful death beneficiaries to pursue the claim. If J.D. had died one week after the limitations period expired, his wrongful death beneficiaries would be barred by the statute of limitations. We do not interpret *486 Jenkins to allow this distinction. See Thiroux v. Austin, 749 So.2d 1040, 1042(¶ 4) (Miss.1999) (“wrongful death action..is limited by the statute of limitations applicable to the tort resulting in the wrongful death”). See also Lee v. Thompson, 859 So.2d 981 (Miss.2003) (statute of limitations in wrongful death action subject to limitations period of underlying tort). Indeed, we do not recognize the “confusion” claimed by the separate opinion. Instead, we are of the opinion that the Supreme Court settled this issue in Jenkins.
¶ 11. We find no error. The summary judgment is affirmed.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANT.
MYERS, P.J., BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. CHANDLER, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY KING, C.J., LEE AND MYERS, P.JJ. AND IRVING, J. CARLTON, J., NOT PARTICIPATING.