CHANDLER, J.,
Specially Concurring:
¶ 13. I agree with the majority that Helen May’s wrongful death claim is time-barred. Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923, 926(¶ 12) (Miss.2006) has removed any doubt that a wrongful death claim is subject to the statute of limitations associated with the underlying wrongful conduct that allegedly caused the death. I write separately for the purpose of briefly addressing language employed by the majority that, in my opinion, is imprecise and potentially confusing.
¶ 14. Citing Jenkins, the majority states that “[t]he wrongful death claim accrues when the claim for the underlying wrongful conduct accrues.” With respect to the majority, that statement is not an accurate summation of the cited language from Jenkins. The cited paragraphs state:
Recognizing that, in Thiroux, we should have specifically overruled Gentry, we do so now, and hold that the statute of limitations on bringing a wrongful death claim is subject to, and limited by, the statute of limitations associated with the claims of specific wrongful acts which allegedly led to the wrongful death.
The three year statute of limitations applicable to negligence actions is codified in Miss.Code Ann. Section 15-1 — 49 (Rev.2003). We hold that Jenkins may not rely on any act of negligence which allegedly occurred three years before the complaint was filed on December 31, 2002. Claims — whether for negligence or wrongful death — that were not brought within the applicable statute of limitations are barred by that statute.
Id. at 926 (¶¶ 12-13). The language relied upon by the majority never states that the wrongful death cause of action accrues at the time that the claim for the underlying wrongful conduct accrues. I believe that it is unwise for this Court to construe Jenkins to stand for that proposition.
¶ 15. In my opinion, Jenkins did not alter the rule that a wrongful death action does not accrue until the death occurs. Gentry v. Wallace, 606 So.2d 1117, 1121 (Miss.1992). A cause of action accrues when it “comes into existence as an enforceable claim, that is, when the right to sue becomes vested.” Gentry, 606 So.2d at 1121 (citing Owens-Illinois, Inc. v. Edwards, 573 So.2d 704, 706 (Miss.1990)). In Long v. McKinney, 897 So.2d 160, 181 n. 31 (Miss.2004), the supreme court, discussing the history of the wrongful death cause *487 of action, recognized that our statute creates a new cause of action for wrongful death. It does not “cause to survive or to be revived the deceased’s right of action, but enables designated members of his family to recover damages.... ” Thames v. State of Miss., ex rel. Shoemaker, 117 F.2d 949, 951 (5th Cir.1941). Under our statute, no right to sue vests in the wrongful death beneficiaries until the death occurs; therefore, a wrongful death action cannot accrue prior to the death. What it is that accrues in favor of the wrongful death beneficiaries at the time of the death is a statutory right to sue for those claims which the decedent could have brought had death not ensued. Miss.Code Ann. § 11-7-13 (Rev.2004). As Jenkins clarifies, if on the date the wrongful death suit was filed, a claim by the decedent, had he lived, would have been barred by the statute of limitations applicable to that claim, then the wrongful death claim is likewise time-barred. Jenkins, 933 So.2d at 926(¶ 12). This is consistent with the fact that, under the statute, a wrongful death claim is “derivative in nature, arising from and dependant upon the wrong done the (fatally) injured person.” Gentry, 606 So.2d at 1123 (Robertson, J., dissenting).
¶ 16. The principle that a wrongful death action does not accrue until the death means that no wrongful death action may be commenced for a death that is anticipated but has not yet occurred. In re Brantley v. Brantley, 865 So.2d 1126, 1131-32(¶ 18) (Miss.2004) (affirming the dismissal of a wrongful death claim because the person who was the subject of the action was still alive). Further, because an action for wrongful death does not accrue until death, we have held that “it is impossible for the deceased to assign any interest in the claim.” In re Estate of England, 846 So.2d 1060, 1070(¶ 32) (Miss.Ct.App.2003). In my opinion, to avoid fostering confusion in this area of law, the conceptual distinction between the commencement of the applicable limitations period for a wrongful death action and the date that the wrongful death action accrues must be preserved.
KING, C.J., LEE AND MYERS, P.JJ., AND IRVING, J., JOIN THIS SPECIALLY CONCURRING OPINION.