914 So.2d 242 (2005)
FORREST COUNTY GENERAL HOSPITAL, Appellant
v.
Sydney W. KELLEY, Appellee.
No. 2004-IA-00619-COA.
Court of Appeals of Mississippi.
June 28, 2005.
Rehearing Denied November 8, 2005.
*243 R. Web Heidelberg, Derek R. Arrington, for appellant.
Carey R. Varnado, Shannon S. McFarland, Hattiesburg, for appellee.
Before BRIDGES, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Forrest County General Hospital ("Hospital") filed a Petition for Interlocutory Appeal with the Mississippi Supreme Court. The Hospital appeals the trial court's denial of its motion to dismiss or, in the alternative, motion for summary judgment. The Hospital argues that Kelley's claims against the Hospital are barred by the Mississippi Tort Claims Act, Mississippi Code Annotated Section 11-46-11(3) (Rev.2002), and Mississippi case law, specifically Wayne General Hospital v. Hayes, 868 So.2d 997 (Miss.2004).
¶ 2. The Supreme Court initially denied the Petition for Interlocutory Appeal. The Hospital then filed a Motion for Rehearing. The Supreme Court entered an order that found the Hospital's petition to have merit and granted reconsideration of the Petition for Interlocutory Appeal. The court then assigned this case to the Court of Appeals for a "determination of whether an interlocutory appeal is warranted. In the event the Court of Appeals determines that an interlocutory appeal is warranted, the Court of Appeals shall then render a decision on the merits of the question presented." As ordered by the supreme court, this Court has considered the Hospital's Petition for Interlocutory Appeal and finds that the interlocutory appeal is warranted and that the circuit court's order denying the Hospital's motion to dismiss or, in the alternative, motion for summary judgment was correct. Accordingly, we affirm the decision of the circuit court.

FACTS
¶ 3. On or about February 12, 2001, Mrs. Anna C. Kelly was admitted to the Hospital's emergency department suffering from a myocardial infarction. Pursuant to a physician's orders, Mrs. Kelly was given anticoagulation therapy. The anticoagulants TNKASE and Heparin were given to Mrs. Kelley. In addition, Mrs. Kelley's pro thrombonin time (PTT) was checked every six hours.
¶ 4. On February 13, 2001, Mrs. Kelley had a sudden change in her mental status. Mrs. Kelly's PTT was 152, which was abnormal and considered life-threatening for massive bleeding. On February 14, 2001, Mrs. Kelley suffered a brain hemorrhage and died.
¶ 5. On March 3, 2003, an attorney for Sydney W. Kelley, the plaintiff in this matter, sent a Notice of Claim letter to the Hospital, pursuant to the Mississippi Tort Claims Act ("MTCA"). On July 15, 2003, Mr. Kelley filed a medical malpractice/wrongful death action against the Hospital. In response, the Hospital filed a motion to dismiss or, in the alternative, a motion for summary judgment, alleging that the statute of limitations had expired before the lawsuit was filed. The Forrest County Circuit Court denied the Hospital's motion, and the Hospital filed its Petition for Interlocutory Appeal.

STANDARD OF REVIEW
¶ 6. On appeal, the reviewing court employs a de novo standard of review of a trial court's grant or denial of a motion for summary judgment. Hurdle v. Holloway, 848 So.2d 183, 185 (¶ 4) (Miss.2003). If there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law, summary judgment should be entered for the movant. Id.

*244 ANALYSIS
¶ 7. The Hospital is a community hospital owned by Forrest County, a political subdivision of the State of Mississippi. As such, the Hospital can only be sued in accordance with the MTCA and Mississippi Code Annotated Section 11-46-1 (Rev. 2002). The MTCA provides for a one-year statute of limitations. Miss.Code Ann. § 11-46-11(3) (Rev.2002). The statute begins to run from the date of the "tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based." Id. The discovery rule applies to the one-year statute of limitations. Moore ex rel. Moore v. Mem'l Hosp. of Gulfport, 825 So.2d 658, 667 (¶ 31) (Miss.2002); Barnes v. Singing River Hosp. Sys., 733 So.2d 199, 204 (¶ 14) (Miss.1999). The discovery rule tolls the statute of limitations "until a plaintiff should have reasonably known of some negligent conduct, even if the plaintiff doesn't know with absolute certainty that the conduct was legally negligent." Sarris v. Smith, 782 So.2d 721, 725 (¶ 13) (Miss.2001). Stated differently, "the operative time [for the running of the statute of limitations] is when the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner." Smith v. Sanders, 485 So.2d 1051, 1052 (Miss.1986).
¶ 8. The issue of whether or not Mr. Kelley's claims against the Hospital are barred by the statute of limitations will be decided based on the timely production of the medical records. In March of 2001, two weeks after Mrs. Kelley's death, Mr. Kelley made the first request for medical records. The Hospital responded and informed him that the records were not yet on file. Mr. Kelley tried diligently and repeatedly over the following months to obtain the records.
¶ 9. On September 6, 2001, Mr. Kelley received a small portion, approximately fifty-eight pages, of the medical records. Mr. Kelley continued to request the entire file without success. Mr. Kelley contends that he filled out numerous requests for the records and was either told that the file was incomplete, unavailable, or that his request had been lost, and he would have to make another request.
¶ 10. It was not until January 14, 2003, that the full set of medical records, totaling 131 pages, was given to Mr. Kelley. On January 16, 2003, an expert in nursing rendered her opinion that, based on the medical records, the nurses' negligence in the care of Mrs. Kelley caused of her death.
¶ 11. On March 3, 2003, approximately six weeks after receiving the complete set of records, Mr. Kelley filed the Notice of Claim against the Hospital. The complaint in this matter was filed on July 15, 2003.
¶ 12. The Hospital argues that Mr. Kelly's claims are time barred and cites Wayne General Hospital v. Hayes, 868 So.2d 997 (Miss.2004). In Wayne General, the supreme court held that the plaintiffs' claim was barred by the statute of limitations since they did not file their action against the defendants until after the expiration of the MTCA statute of limitations. Id. at 1001 (¶ 18). The plaintiffs filed suit after a "chance meeting" and conversation with a treating nurse and former employee of the defendant hospital, which revealed the nurse's belief that the defendant hospital negligently caused the decedent's death. Id. at 999 (¶ 6). The court found that the discovery rule applied to the one-year MTCA statute of limitations and stated that "to claim benefit of the discovery rule, a plaintiff must be reasonably diligent in investigating the circumstances surrounding the injury. The focus is on the *245 time that the patient discovers, or should have discovered by the exercise of reasonable diligence, that he probably has an actionable injury." Id. at 1000 (¶ 15). In finding the plaintiffs' claim time barred, the court noted that there was no indication that the plaintiffs took any investigative action and were therefore "not reasonably diligent in investigating the cause of [the decedent's] injuries." Id. at 1001 (¶ 16).
¶ 13. Here, however, we find that there is sufficient evidence to show that Mr. Kelley was reasonably diligent in investigating the cause of Mrs. Kelley's death. The medical records were persistently requested, by either Mr. Kelley or his attorney, for over two and one-half years. There were at least twelve requests or inquiries made asking for medical records. Medical experts were hired and, upon receipt of the complete set of records, promptly rendered an opinion. Mr. Kelley submitted a notice of claim and filed suit shortly after the expert witness determined that the records indicated wrongful conduct.
¶ 14. Thereafter, in Wright v. Quesnel, 876 So.2d 362, 367 (¶ 14) (Miss.2004), the supreme court found that the plaintiff "had enough information at the time of the death such that she knew or reasonably should have known that negligence had occurred." The court also determined that there was no evidence that she took any investigative action to determine whether there was a claim until after the statute of limitations had expired. Id. at (¶ 15). Relying on Wayne General, the court affirmed the trial court's summary judgment because it "found no issue of fact with respect to whether the discovery rule tolled the statute of limitations." Id.
¶ 15. Here, applying the principles found in Wayne General and Wright, we reach a different conclusion. "The intent of the discovery rule is to protect plaintiffs who cannot, through reasonable diligence, discover injuries done to them." Wayne General, 868 So.2d at 1001 (¶ 16). Mr. Kelley provided sufficient evidence to support a finding that he was diligent in his pursuit to obtain all of Mrs. Kelley's medical records and could not have known of the alleged wrongdoing until he had access to the necessary medical records. Accordingly, we find that the circuit court properly denied the Hospital's motion to dismiss or, in the alternative, motion for summary judgment.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DENYING FORREST COUNTY GENERAL HOSPITAL'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES AND ISHEE, JJ., CONCUR.