CHANDLER, J.,
for the Court.
¶ 1. LaTonja Pounds filed a medical malpractice suit against the Mississippi Department of Health (MDH) d/b/a Pike County Health Clinic alleging negligence in providing prenatal care. Pounds also filed a wrongful death claim on behalf of the wrongful death beneficiaries of Jaleen Lenard, Pounds’ prematurely born infant. MDH filed a motion for summary judgment requesting a dismissal of Pounds’s lawsuit-for failure to file suit before the expiration of the statute of limitations. On July 30, 2004, the court granted the motion for summary judgment for-failure to meet the statute of limitations. Pounds now appeals alleging the following errors:
I. WHETHER THE TRIAL COURT ERRED IN DISMISSING POUNDS’S LAWSUIT FOR FAILURE TO FILE SUIT WITHIN THE STATUTE' OF LIMITATIONS
II. WHETHER SUMMARY JUDGMENT COULD HAVE BEEN GRANTED BECAUSE POUNDS FAILED TO ESTABLISH THE ESSENTIAL ELEMENTS OF THE CLAIMS
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. In April of 1999, Pounds began receiving prenatal care at the Pike County Health Clinic in McComb, Mississippi. On April 6, 1999, during the first trimester of Pounds’ pregnancy, she was diagnosed with Trichomonas vaginalis. Pounds was treated for Trichomonas vaginalis with Flagyl during the second trimester of her pregnancy. On June 29, July 30, and August 6, 1999, Pounds went to the clinic complaining of lower abdominal and upper leg pain. Pounds alleges that she was sent home on each occasion without examination. MDH claims that Pounds received prenatal care on each of these dates. MDH also states that Pounds received a wet mount examination on June 30, 1999 and again after her delivery. Neither examination showed signs of Trichomonas vaginalis. Pounds also received pelvic examinations on April 16, and June 30, 1999, which showed no effacement and no dilation. Pounds’s last visit to the clinic for prenatal care was on August 6,1999.
¶ 4. On August 10, 1999, Pounds went to the Southwest Mississippi Regional Medical Center in McComb where she was found to be in labor. The fetus was in a footling ■ breach position and Pounds was transported to the University of Mississippi Medical Center. On August 11, 1999, Pounds gave birth to her child, Jaleen Lenard, via caesarean section. The child was three months premature and suffered from respiratory distress syndrome, anemia and several other medical conditions. On October 22, 1999, Lenard died from complications of his premature birth.
¶ 5. Pounds mailed her notice of claim to the Mississippi Department of Health on *415 October 23, 2000. The notice of claim was received on October 24, 2000. On January 24, 2001, Pounds filed a wrongful death claim on behalf of Lenard and a medical malpractice claim against Mississippi Department of Health d/b/a Pike County Health Clinic alleging improper prenatal care by the Pike County Health Department, a local office of MDH.
¶ 6. Pounds claims that MDH provided improper care because the Department of Health failed to prescribe Flagyl during the first trimester. However, MDH produced an affidavit from Dr. Linda Lee which states that the administration of Flagyl during the first trimester is contraindicated because Flagyl is known to cause potentially severe or fatal birth defects in the developing fetus if administered during the first trimester.
¶ 7. Pounds also alleges that MDH failed to properly diagnose her with premature cervical effacement or dilation. Pelvic examinations were performed on Pounds at Southwest Regional Medical Center on April 16, and June 30,1999, in which there were no findings of cervical effacement or dilation. Pounds was examined at the MDH Clinic on August 6, 1999, for. the last time before the premature birth of her son. On that date, the obstetrician elected not to perform a pelvic examination because Pounds did not show any new symptoms. In the affidavit from Dr. Lee, she states that unnecessary pelvic examinations are contraindicated prior to the latter part of a pregnancy because it can induce early labor.
¶ 8. On November 4, 2002, MDH filed a motion for summary judgment requesting a dismissal of Pounds’ lawsuit for failure to meet the one-year statute of limitations under the Mississippi Tort Claims Act. On January 7, 2003, Pounds filed a response to the motion for summary judgment. On June 30, 2004, MDH filed a supplement to the motion for summary judgment. In the supplement, MDH alleged the court should also grant the motion for summary judgment because Pounds received proper prenatal care and any alleged improper care was not the proximate cause for the preterm labor and delivery.
¶ 9. On July 12, 2004, a hearing was held at which time Pounds requested additional time to respond to the supplement to the motion for summary judgment. The court granted the extension to allow Pounds the opportunity to produce an affidavit from an expert to support the claims of medical malpractice. Pounds failed to file a supporting affidavit and on July 30, 2004, the court granted the motion for summary judgment and a separate summary judgment. The motion was granted for failure to meet the statute of limitations. On August 18, 2004, Pounds timely filed a notice of appeal.
STANDARD OF REVIEW
¶ 10. A summary judgment should only be granted when the trial court finds that the plaintiff would be unable to prove any facts to support his claim. Delahoussaye v. Mary Mahoney’s Inc., 696 So.2d 689, 690 (Miss.1997). This court reviews a motion for summary judgment de novo. Id. The lower court’s decision will be reversed only if it appears that there are remaining triable issues of fact, when the facts are viewed in the light most favorable to the nonmoving party. Robinson v. Singing River Hosp. Sys., 732 So.2d 204, 207(12) (Miss.1999).
LAW AND ANALYSIS
I. WHETHER THE TRIAL COURT ERRED IN DISMISSING POUNDS’S LAWSUIT FOR FAILURE TO FILE SUIT WITHIN THE STATUTE OF LIMITATIONS
¶ 11. Pounds contends that a medical negligence claim was an underlying *416 substantive claim which was not raised on appeal or on cross-appeal. Because failure to file a cross-appeal prevents an issue from receiving appellate review, Pounds contends the only' issue to consider is whether the wrongful death action was timely filed.
¶ 12. Pounds contends that the action was timely filed because a wrongful death cause of action does not accrue until the date of death, not the date of the alleged negligence. MDH contends that Pounds’s action does not begin on the date- of her son’s death because Pounds’s individual action was based on alleged negligence by the MDH facility. Therefore, the action should have accrued on August 6,1999, the last day Pounds was treated by the MDH facility.
¶ 13. The first issue to consider is whether the statute of limitations began to run on the date of death or on the date that the last alleged tortious act occurred. Pounds refers to several cases which state that the statute of limitations in a wrongful death action begin to run on the date of death. However, the authorities Pounds referenced were not causes of action filed under the Mississippi Tort Claims Act.
¶ 14. MDH is a political subdivision of the State of Mississippi. Therefore, MDH can only be sued in accordance with the Mississippi Tort Claims Act. The Mississippi Tort Claims Act has a one year statute of limitations. Miss.Code Ann. § 11-46-11(3) (Rev.2002). In medical malpractice and wrongful death actions filed under the Mississippi Tort Claims Act, the statute of limitations begins to run from the date of the “tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based.” Id. In Forrest County General Hospital v. Kelley, 914 So.2d 242, 244(7) (Miss.Ct.App. 2005), the court held that the statute of limitations in a medical malpractice/ wrongful death action begins to run from the date of the tortious act. The court held that the statute of limitations can be tolled by the discovery rule. However, the discovery rule does not apply in the present case.
¶ 15. In the present case, Pounds filed a wrongful death action and a medical malpractice action based on alleged improper prenatal care. These acts occurred no later than August 6, 1999, the last date that Pounds went to Pike County Health Clinic for prenatal care. Pounds’s argument fails to consider that the action was filed under the Mississippi Tort Claims Act. The statute of limitations on Pounds action expired no later than August 6, 2000. Because MDH did not receive Pounds notice of claim until October 24, 2000, the claim was time barred.
¶ 16. Even if the statute of limitations began to run on the date of death, the action would still be barred by the statute of limitations. The infant died on October 22, 1999. Under Rule 6 of the Mississippi Rules of Civil Procedure, the day that the act begins to run shall not be included when computing the statute of limitations. Therefore, October 23, 2000, would have been the last day to file a claim. Pounds alleges that she timely filed a notice of claim because she mailed the notice of claim to the Mississippi Department of Health on October 23, 2000. However, MDH did not receive the notice until October 24, 2000. This date is verified by the return receipt which stated that the delivery date was October 24, 2000. Mississippi Code Annotated section 11-46-11(3) (Rev.2002) states “[f]or purposes of determining the running of limitations periods under this chapter, service of any notice of claim or notice of denial of claim shall be effective upon delivery by the methods statutorily designated in this chapter.” The notice of claim was not *417 delivered until October 24, 2000. Therefore, this claim is time barred.
II. WHETHER SUMMARY JUDGMENT COULD HAVE BEEN GRANTED BECAUSE POUNDS FAILED TO ESTABLISH THE ESSENTIAL ELEMENTS OF THE CLAIMS
¶ 17. This claim was properly dismissed by the trial court for failure to meet the statute of limitations. Therefore, this issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ„ CONCUR.