996 So.2d 75 (2008)
Jonathan Craig GRAY, Individually and on Behalf of All Wrongful Death Beneficiaries of Hughlene Gray, Deceased, Appellant,
v.
The UNIVERSITY OF MISSISSIPPI SCHOOL OF MEDICINE and the University of Mississippi Medical Center Hospitals Division of the State of Mississippi, Appellees.
No. 2006-CA-01601-COA.
Court of Appeals of Mississippi.
March 4, 2008.
Rehearing Denied June 3, 2008.
Certiorari Granted August 28, 2008.
Certiorari Dismissed as Improvidently Granted December 4, 2008.
*76 James W. Nobles, Jr., Jackson, attorney for appellant.
Stephen P. Kruger, Jan F. Gadow, Jackson, attorneys for appellees.
Before LEE, P.J., CHANDLER and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. Jonathan Craig Gray, individually and on behalf of the wrongful death beneficiaries of Hughlene Gray, filed a medical malpractice suit against the University of Mississippi School of Medicine and the University of Mississippi Medical Center Hospitals (collectively, UMMC). The Circuit Court of Hinds County granted partial summary judgment in favor of UMMC, finding that any claims of actionable conduct which occurred prior to July 5, 2004, were barred by the limitations period prescribed by the Mississippi Tort Claims Act (MTCA). Gray appeals, arguing that: (1) UMMC's untimely disclosure of Hughlene's medical records tolled the limitations period pursuant to the discovery rule; and (2) the trial court's grant of partial summary judgment resulted in impermissible claim splitting.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On January 10, 2005, Hughlene filed a notice of claim with UMMC's chief executive officer as required by Mississippi Code Annotated section 11-46-11 (Rev. 2002). The notice of claim indicated that Hughlene underwent a bariatric gastric bypass surgery followed by several failed follow-up surgical procedures that resulted in her hospitalization for almost the entirety of 2004. She averred that she was discharged with an open fistula, and it was obvious that Dr. Roger Blake, who performed the bariatric gastric bypass surgery, had done so improperly. Hughlene *77 alleged that Dr. Blake had abandoned her care and as a result, she was severely infected, affixed with a colostomy, and required further surgery. On January 13, 2005, UMMC acknowledged receipt of the notice of claim.
¶ 4. On January 6, 2006, Gray filed a complaint against UMMC, pursuant to the MTCA, asserting a claim for Hughlene's wrongful death. Gray alleged that Hughlene died on January 17, 2005, and that her death was proximately caused or contributed to by events commencing on January 12, 2004, when Dr. Blake negligently performed her bariatric gastric bypass surgery. Gray averred that, after this surgery, Hughlene experienced severe, life-threatening infections and complications that necessitated several follow-up surgeries. Gray claimed that Dr. Blake's acts breached the standard of care and proximately caused or contributed to Hughlene's death. Gray related that Hughlene was discharged from the hospital in December 2004 with an open fistula, a colostomy, and a rampant infection; but she was not referred for further surgical care and ultimately died.
¶ 5. UMMC filed a motion to dismiss or, in the alternative, for summary judgment arguing that any actionable conduct which occurred before July 5, 2004, was barred by the limitations period of the MTCA. Gray filed a response asserting, among other arguments, that the action was not time-barred because UMMC had failed to timely and fully respond to multiple requests for Hughlene's medical records. Gray submitted the affidavit of Dallas Cowart, legal secretary to Gray's counsel, attesting that Gray's attorney had made numerous written requests for medical records pursuant to a release executed by Hughlene on the date of her death. Gray submitted copies of his requests for the medical records, dated January 17, 2005, March 17, 2005, April 25, 2005, and May 12, 2005. Gray also submitted documentation indicating that UMMC finally tendered the records on October 16, 2005, and that he received them on November 2, 2005. Cowart averred that the records received were incomplete and that, upon her inquiry, UMMC advised her that the missing records were being reviewed off-campus. Cowart stated that the missing records were never produced, despite numerous requests.
¶ 6. The trial court granted partial summary judgment in favor of UMMC because, under the limitations period and applicable tolling provisions prescribed by the MTCA, Gray had 550 days from the date of any actionable conduct in which to file the complaint. The trial court concluded that, because the complaint was filed on January 6, 2006, any claims for actionable conduct that occurred before July 5, 2004, were time-barred. The trial court dismissed these claims with prejudice. On August 15, 2006, the trial court directed the entry of a final judgment as to the dismissed claims pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure. Gray now appeals.

STANDARD OF REVIEW
¶ 7. A party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, together with any affidavits, demonstrate that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R.C.P. 56(c). This Court reviews the trial court's grant of summary judgment de novo and considers all the evidence in the light most favorable to the non-moving party. Moore v. Parker, 962 So.2d 558, 567(¶ 30) (Miss.2007). The application of a statute of limitations is a question of law which is subject to de novo review. Carter *78 v. Citigroup, Inc., 938 So.2d 809, 817(¶ 36) (Miss.2006).

LAW AND ANALYSIS

I. WHETHER UMMC'S UNTIMELY DISCLOSURE OF HUGHLENE'S MEDICAL RECORDS TOLLED THE LIMITATIONS PERIOD UNDER THE DISCOVERY RULE.
¶ 8. The MTCA provides the exclusive civil remedy against a state governmental entity such as UMMC. Miss.Code Ann. § 11-46-7(1) (Rev.2002). The statute provides a one-year limitations period that runs from "the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based." Miss.Code Ann. § 11-46-11(3) (Rev.2002). However, the plaintiff's filing of the statutorily required notice of claim tolls the limitations period for ninety-five days from the date the chief executive officer of the state agency receives the notice of claim. Id. The claimant has an additional ninety days after the expiration of the tolling period in which to file suit, unless the governmental entity denies the claim. Id. If the governmental entity denies the claim, the ninety-day period runs from the date the claimant receives the notice of the denial of the claim. Id. The statute further provides that:
the limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.
Id.
¶ 9. Applying section 11-46-11(3) to the facts presented, the trial court determined that Gray had one year from the date of any actionable conduct in which to file suit, which was tolled for ninety-five days by the filing of the notice of claim. As UMMC did not deny the claim, Gray had ninety days from the date the tolling period expired in which to file suit. In total, he had 550 days to file the complaint. Gray filed the complaint on January 6, 2006, alleging the acts of negligence that occurred over an approximate one-year period commencing on January 12, 2004. Subtracting 550 days from the date the complaint was filed, the trial court correctly determined that any claims for actionable conduct that occurred prior to July 5, 2004, were time-barred.
¶ 10. Gray admits the claims were time-barred under the provisions of the MTCA. However, he contends that, due to UMMC's untimely production of medical records, the limitations period should be tolled by the discovery rule. In Barnes v. Singing River Hospital Systems, 733 So.2d 199, 204(¶ 14) (Miss.1999), overruled by, Caves v. Yarbrough, No.2006-CA-01857-SCT (¶ 32) (Miss. Nov. 1, 2007) the Mississippi Supreme Court held that the discovery rule applies to the MTCA's one-year statute of limitations. The discovery rule tolls the statute of limitations until "the plaintiff should have reasonably known of some negligent conduct, even if the plaintiff does not know with absolute certainty that the conduct was legally negligent." Sarris v. Smith, 782 So.2d 721, 725 (¶ 13) (Miss.2001). "The focus is on the time that the patient discovers, or should have discovered by the exercise of reasonable diligence, that he probably has an actionable injury." Wayne Gen. Hosp. v. Hayes, 868 So.2d 997, 1000(¶ 15) (Miss. 2004) (quoting Smith v. Sanders, 485 So.2d 1051, 1052 (Miss.1986)).
*79 ¶ 11. Before addressing Gray's contentions, we must recognize the supreme court's recent opinion in Caves, which held that the discovery rule does not apply to the MTCA's one-year limitations period and overruled Barnes and its progeny that applied the discovery rule to MTCA claims. At the time of this writing, no mandate has issued in Caves due to a pending motion for rehearing. M.R.A.P. 41(a). Therefore, the opinion is not final. See Miss. Transp. Comm'n v. Allday, 726 So.2d 563, 566(¶ 8) (Miss.1998) (stating that "as a general matter, an opinion of this [c]ourt should not be considered final until the parties and this State's bar have had an opportunity to respond to the opinion" and finding that a prior decision did not become final until after the petition for rehearing was denied). If the holding in Caves becomes a final decision, then this Court would be constrained to hold, without further discussion, that Gray's argument concerning the discovery rule was without merit. However, because Gray's argument also fails applying pre-Caves precedent, there is no need to forestall our decision until Caves becomes final. Therefore, we proceed to Gray's contentions.
¶ 12. Gray argues that, applying the discovery rule, the earliest that the limitations period could have started running was when UMMC tendered the medical records on October 16, 2005. He cites Sarris and Forrest County General Hospital v. Kelley, 914 So.2d 242 (Miss.Ct.App. 2005) in support of this argument. In Sarris, the court found that the plaintiff could not reasonably have known that the defendant's negligent conduct caused the injury until she acquired the decedent's medical records. Sarris, 782 So.2d at 725(¶ 14). The plaintiff was diligent in attempting to obtain the records, but she was unable to do so timely due to the hospital's delay. Id. The court held that, under the particular circumstances, the statute of limitations was tolled, pursuant to the discovery rule, until the plaintiff secured the medical records. Id. at (¶¶ 15-16). Nonetheless, the court articulated that "the question of what knowledge should put a claimant on notice of the existence of a viable claim is not soluble by any precise formula." Id. at (¶ 13) (quoting Waits v. United States, 611 F.2d 550, 552 (5th Cir.1980)). Therefore, the question is determinable on a case-by-case basis. Id. In Kelley, involving an MTCA claim, the hospital withheld medical records despite the plaintiff's diligent attempts to obtain them. Kelley, 914 So.2d at 244(¶ 8). There was sufficient evidence to show that, after receiving the medical records, the plaintiff was reasonably diligent in investigating the cause of death by having them reviewed by an expert. Id. at 245(¶ 13). The expert promptly rendered an opinion, and Kelley filed the notice of claim and complaint shortly thereafter. Id. This Court held that the complaint was timely pursuant to the discovery rule. Id. at (¶ 15). In both Sarris and Kelley, the plaintiff did not file the notice of claim or the complaint until after receiving the medical records.
¶ 13. Gray argues that he was reasonably diligent in his attempts to secure the medical records. Gray contends that he could not reasonably have known that UMMC's negligence proximately caused Hughlene's death until having the medical records reviewed by a medical expert to determine that the complications experienced by Hughlene were the result of negligence rather than "statistically recognized complications." Gray also complains that, without the records, he was unable to secure the expert consultation required to comply with the provisions of Mississippi Code Annotated section 11-1-58 (Supp. 2007). Section 11-1-58 makes mandatory that the medical malpractice complaint be *80 filed with an accompanying certificate of consultation with an expert or a certificate of counsel stating that a consultation has not been obtained due to the running of the statute of limitations or an inability to secure consultation with an expert.
¶ 14. The record reflects that Gray made reasonably diligent efforts to obtain Hughlene's medical records, which UMMC admittedly did not produce timely. However, the mere untimely receipt of medical records is not sufficient to toll the statute of limitations. Sarris, 782 So.2d at 725 (¶¶ 15-16). The operative time is when the plaintiff knew, or reasonably should have known, of some negligent conduct, whether through receipt of medical records or from some other source of knowledge, such as "personal observation or other means." Id. at (¶ 13). Determining the time the plaintiff did discover or reasonably should have discovered negligence is a "fact-intensive process." Id. at (¶ 16).
¶ 15. The facts of this case do not sufficiently demonstrate that Gray learned of the negligence after receiving the medical records and obtaining an expert opinion. Instead, viewed in the light most favorable to Gray, the facts show that Hughlene was aware of the allegedly negligent acts when she filed the notice of claim on January 10, 2005. In the notice, Hughlene claimed as follows: (1) that Dr. Blake "was negligent and failed to adhere to the applicable standard of care which negligence and failure proximately caused and proximately contributed to the injuries," (2) that it was obvious from her injuries that Dr. Blake had performed the bariatric gastric bypass surgery improperly, (3) that she endured follow-up surgeries, and (4) that she was discharged with a colostomy, an open fistula, and infections. These allegations from the notice of claim indicate that Hughlene knew of the negligent conduct as of January 10, 2005. Gray's allegations of negligence in the complaint were substantially the same as those made in the notice of claim. Moreover, no evidence beyond Gray's statements in his brief and arguments before the trial court shows that Gray actually consulted with an expert before filing the complaint. Gray did not attach a certificate of consultation to the complaint or an attorney's certificate as required by section 11-1-58. Because the record evinces that Hughlene knew of the acts of negligence alleged in the complaint on January 10, 2005, there could have been no tolling of the limitations period under the discovery rule.
¶ 16. Gray also makes a brief argument that, because Hughlene died before the expiration of the MTCA limitations period, her death "restarted" the limitations period. This argument is without merit. The statute of limitations for a wrongful death action is "subject to, and limited by, the statute of limitations associated with the claims of specific wrongful acts which allegedly led to the wrongful death." Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923, 926(¶ 12) (Miss. 2006). Examining Mississippi law concerning the limitations period for wrongful death actions, the United States District Court for the Southern District of Mississippi articulated that "the accrual of a wrongful death action does not toll the limitations period for the tort which caused the death." Wells v. Radiator Specialty Co., 413 F.Supp.2d 778, 782 (S.D.Miss. 2006). In other words, under our present statutory scheme, the accrual of a wrongful death action in favor of Hughlene's beneficiaries did not affect the running of the applicable limitations period provided by the MTCA.

II. WHETHER THE GRANT OF SUMMARY JUDGMENT AS TO ANY ALLEGED ACTS OF WRONGFUL CONDUCT OCCURRING PRIOR TO *81 JULY 5, 2004, RESULTED IN IMPERMISSIBLE CLAIM SPLITTING.
¶ 17. Gray argues that the acts of negligence alleged in his complaint comprise a single claim and that the grant of summary judgment as to any alleged acts of negligence which occurred before July 5, 2004, resulted in erroneous claim splitting. According to Gray, Hughlene's wrongful death either resulted from the entire hospitalization and all the surgeries, or it did not. The supreme court discussed the concept of claim splitting in Channel v. Loyacono, 954 So.2d 415, 424(¶ 32) (Miss.2007). Claim splitting occurs when a plaintiff attempts to bring in a second forum claims that were part of a single body of operative facts already litigated in another forum. Id. Prevention of claim splitting is one goal of res judicata, a doctrine which "reflects the refusal of the law to tolerate a multiplicity of litigation." Id. at (¶¶ 31-32). The dismissal of Gray's claims based on actionable conduct that occurred before July 5, 2004, in no way implicated claim splitting because the claims were dismissed with prejudice as time-barred. There is no potential for the claims to be successfully raised in subsequent litigation. Thus, the prohibition against claim splitting does not apply to the situation under discussion, and this issue is without merit.
¶ 18. Gray further argues that the wrongful death statute's provision of "but one (1) suit for the same death" enables a wrongful death claimant to pursue claims for all of a defendant's wrongful, lethal conduct in a single action. Miss. Code Ann. § 11-7-13 (Rev.2004). For that reason, Gray argues, he should be allowed to litigate acts of negligence that occurred before July 5, 2004. While Gray appropriately instigated a single suit for all his claims of wrongful, lethal conduct, for a certain claim to survive summary judgment, that claim had to be timely. Jenkins, 933 So.2d at 927 (¶ 16) (affirming the grant of partial summary judgment dismissing those claims for negligent conduct that accrued outside the limitations period applicable to the wrongful death suit). Gray failed to meet that requirement, and the trial court correctly granted partial summary judgment dismissing the time-barred claims.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.