CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Jacqueline Beene appeals the judgment of the Jackson County Circuit Court, which affirmed the Jackson County County Court’s grant of summary judgment in favor of Ferguson Automotive, Inc., (Ferguson) based on the defense of res judica-ta. Beene initially filed a negligence suit against Ferguson in the Harrison County County Court.
 
 [1]
 
 After Ferguson filed a motion for summary judgment, Beene sought to amend her complaint to add a contract claim, which stemmed from the
 
 *697
 
 same circumstances as the negligence claim. The Harrison County County Court denied Beene’s motion to amend and granted summary judgment in favor of Ferguson. Rather than appeal, Beene filed a new suit against Ferguson in the Jackson County County Court, alleging breach of contract. The Jackson County County Court dismissed Beene’s suit, finding that her claim was barred by the doctrine of res judicata. Beene appealed to the Jackson County Circuit Court, .which affirmed the judgment of the Jackson County County Court. Aggrieved, Beene now appeals, raising the following issues: (1) whether Ferguson sustained its burden of proof concerning its defense of res judi-cata; (2) whether Ferguson established that all necessary elements for the defense of res judicata were present; (3) whether Ferguson was judicially estopped from raising its defense of res judicata; and (4) whether the Harrison County Court’s failure to provide Beene with an adequate opportunity to litigate her contract claims precluded Ferguson’s defense of res judi-cata. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. On April 11, 2006, Beene sued Ferguson in the Harrison County County Court, alleging that Ferguson was negligent in storing Beene’s vehicle at its repair facility prior to the onset of Hurricane Katrina. On or about August 9, 2006, Ferguson filed a motion for summary judgment.
 

 ¶ 3. On October 19, 2006, in conjunction with her response to Ferguson’s motion for summary judgment, Beene asked the county court judge for leave to amend her pleadings in order to assert breach-of-contract claims against Ferguson, due to its failure to complete the repairs to her car after Ferguson had received payment in full. Beene asserts that she had no knowledge prior to August 10, 2006, that Ferguson had been paid in full by a third-party insurer for the repairs to her damaged vehicle. As a result, Beene claimed that she possessed no facts or any reasonable basis upon which to assert any contract claims when she initiated the negligence suit.
 

 ¶ 4. On October 25, 2006, Ferguson filed its opposition to Beene’s request to amend her complaint. The Harrison County County Court denied Beene’s request to amend, stating that the motion was untimely filed, and the court noted that Beene had failed to file an actual motion for leave to amend under Mississippi Rule of Civil Procedure 15. The court dismissed Ferguson from the case without prejudice on June 12, 2007, after finding that Beene had failed to prove her negligence claims against Ferguson. Significantly, Beene sought no appeal of the county court’s denial of her request, albeit nonconforming, to amend her complaint to add the contract claim.
 

 ¶ 5. Then, on July 3, 2007, Beene filed a new and separate suit against Ferguson in the Jackson County County Court, alleging breach of contract. Specifically, Beene alleged that Ferguson had breached the contract to repair her vehicle due to its failure to complete the repairs as specified by the repair contract, despite and in contradiction to the fact that it had accepted and retained payment for these repairs. On September 5, 2007, Ferguson moved to dismiss the case on the basis that the prior judgment rendered by the Harrison County County Court on June 12, 2007, barred all claims by Beene against Ferguson regarding the dispute pertaining to the repair of her car under the doctrine of res judicata. On November 19, 2007, the Jackson County County Court dismissed Beene’s claims against Ferguson. Beene then appealed to the Jackson County Cir-
 
 *698
 
 euit Court, which affirmed the judgment of the county court on March 6, 2009. This appeal followed.
 

 STANDARD OF REVIEW
 

 ¶ 6. The well-settled standard of review for summary judgment is de novo.
 
 Quinn v. Estate of Jones,
 
 818 So.2d 1148, 1150 (¶ 9) (Miss.2002). Summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” M.R.C.P. 56(c). This Court will consider all of the evidence before the lower court in the light most favorable to the non-moving party.
 
 Palmer v. Anderson Infirmary Benevolent Ass’n,
 
 656 So.2d 790, 794 (Miss.1995). The party opposing the motion “may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” M.R.C.P. 56(e). Only when the moving party has met its burden by demonstrating that there are no genuine issues of material fact in existence should summary judgment be granted.
 
 Tucker v. Hinds County,
 
 558 So.2d 869, 872 (Miss.1990).
 

 DISCUSSION
 

 I. Res Judicata
 

 ¶ 7. The doctrine of res judicata, or claim preclusion, operates as a bar to any subsequent attempt to litigate a claim already decided.
 
 Harrison v. Chandler-Sampson Ins., Inc.,
 
 891 So.2d 224, 232 (¶ 22) (Miss.2005). One goal of res judica-ta is to prevent claim splitting, which occurs “when a plaintiff attempts to bring in a second forum claims that were part of a single body of operative facts already litigated in another forum.”
 
 Gray v. Univ. of Miss. Sch. of Med.,
 
 996 So.2d 75, 81 (¶17) (Miss.Ct.App.2008). For res judicata to apply to a claim, four identities are required: “(1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made.”
 
 Harrison,
 
 891 So.2d at 232 (¶ 24). “In addition to the four identities, a fifth requirement is that the prior judgment must be a final judgment that was adjudicated on the merits.”
 
 EMC Mortgage Corp. v. Carmichael,
 
 17 So.3d 1087, 1090 (¶ 10) (Miss.2009). If all four identities are present, and the final judgment in the prior action was on the merits, “then the parties are precluded from re-litigating any previously decided issues in a subsequent lawsuit.”
 
 Pro-Choice Miss. v. Fordice,
 
 716 So.2d 645, 665 (¶ 70) (Miss.1998).
 

 A. Burden of Proof
 

 ¶ 8. Beene argues that Ferguson fails to meet its burden of proof in asserting its defense of res judicata, due to Ferguson’s failure to provide the Jackson County County Court with the entire record of the prior proceedings in the Harrison County County Court. Beene submits that without the record from the Harrison County County Court, the Jackson County County Court erred in ruling that Beene’s contract claims were subject to the defense of res judicata.
 

 ¶ 9. However, the record in the present case reflects that Beene raised no objection as to the sufficiency of the record before the Jackson County County Court Judge, and as a result, the judge did not make a ruling on this issue. “This Court does not review matters on appeal that were not first raised at the trial level.
 
 *699
 
 Before an issue can be presented to this Court, it must first be presented to the trial court. This is done by an objection.”
 
 Scally v. Scally,
 
 802 So.2d 128, 132 (¶ 27) (Miss.Ct.App.2001) (internal citations omitted). Thus, this Court concludes that Beene is procedurally barred from raising this issue for the first time on appeal. Moreover, we recognize that modern case law has established that proof of the judgment alone, so long as the judgment supplies an appropriate basis for the application of res judicata, could be sufficient for such claims. In
 
 Stubblefield v. Walker,
 
 566 So.2d 709, 711 (Miss.1990), the Mississippi Supreme Court held that offering either the pleadings or the prior judgment into evidence was sufficient to plead and prove the defense of res judicata.
 
 See also Astro Transp., Inc. v. Montez,
 
 381 So.2d 601, 604 (Miss.1980); 2 MS Prac., Encyclopedia of Mississippi Law (Jeffrey Jackson and Mary Miller eds.) § 14:32 (2001) (The proponent of the defense of res judi-cata must introduce the pleadings and/or judgment of the prior case into evidence to prove the defense of res judicata.).
 

 B. Elements of Res Judicata
 

 ¶ 10. Beene next argues that res judica-ta only applies to judgments that were based on the merits of the case. Beene submits that since her negligence claim was the only claim heard on its merits by the Harrison County County Court, the defense of res judicata does not prevent her from asserting her contract claim in the Jackson County County Court. In addition, Beene contends that Ferguson failed to establish that Beene’s negligence and contract claims are the same cause of action for purposes of res judicata.
 

 ¶ 11. In determining whether causes of action are the same for purposes of res judicata, the Mississippi Supreme Court applies the transactional approach:
 

 causes of actions are the same if they arise from the same “transaction”; whether they are products of the same “transaction” is to be determined by “giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties’ expectations or business understanding or usage.”
 

 Hill v. Carroll Cty.,
 
 17 So.3d 1081, 1086 (¶ 15) (Miss.2009) (citing
 
 Nevada v. United States,
 
 463 U.S. 110, 131, 103 S.Ct. 2906, 77 L.Ed.2d 509 (1983)). Under the transactional analysis, we find that Beene’s contract claim in the second lawsuit is not separate and apart from the negligence claim in the prior lawsuit; “[t]he facts and circumstances relied on by [the plaintiff] in both suits are identical.”
 
 Hill,
 
 17 So.3d at 1086 (¶ 16).
 

 ¶ 12. In
 
 Walton v. Bourgeois,
 
 512 So.2d 698, 699 (Miss.1987), the Harrison County Circuit Court dismissed Annie Walton’s breach-of-contract claim against Drs. Michael Bourgeois and Frank Gruich after Walton had previously sued the same doctors for medical negligence regarding the same injury. The Mississippi Supreme Court held that where a plaintiff “has a choice of more than one theory of recovery for a given wrong, she may not assert them serially in successive actions but must advance all at once on pain of the bar of res judicata.”
 
 Id.
 
 at 702. The court further clarified that:
 

 [T]he only difference between the present lawsuit and the previous lawsuit was the theory of recovery. The primary right and duty asserted and the primary wrong complained of are the same in each action. Only the legal bases advanced for relief are arguably different. Clearly breach of contract was a ground[ ] upon which Walton may have
 
 *700
 
 sought recovery in the previous lawsuit. It was a claim that might have been litigated in the previous lawsuit and, indeed, it should have been.
 

 Id.
 

 ¶ 13. Similarly, the only difference between Beene’s claims against Ferguson is the theory of recovery for a given wrong. In other words, her negligence claim and contract claim stem from the same circumstance for the same alleged wrong. We find that Beene’s contract claim could have, and should have, been litigated in her initial negligence suit filed in Harrison County County Court. Therefore, we affirm the grant of summary judgment by the Jackson County County Court in favor of Ferguson since Beene’s contract claim was barred by res judicata. After “a court of competent jurisdiction [has entered] a final judgment on the merits,” res judicata bars parties from relit-igating claims that were made or should have been made in the prior suit.
 
 Miss. Dep’t of Human Servs. v. Shelby,
 
 802 So.2d 89, 95 (¶ 24) (Miss.2001) (citation omitted).
 

 ¶ 14. We note that the record reflects that during the hearing on Ferguson’s summary judgment motion, Beene asserts she attempted to amend her negligence complaint filed in the Harrison County County Court in order to include her contract claim. However, the Harrison County County Court barred Beene from amending her complaint to add a new claim, finding Beene’s request to amend not proper and also untimely filed. The court found that a motion to amend could have been made well within the discovery window permitted by Uniform Rule of Circuit and County Court 4.04A. However, the record reflects that Beene propounded no discovery, and as a result, her contract-based theories were not developed through the discovery process. She failed at her own peril to learn about her case during discovery. Her request to amend was, therefore, untimely made and also failed to conform to Rule 15. With respect to procedures to amend pleadings, Rule 15 states that after a responsive pleading has been filed, a party may only amend her complaint by leave of court or upon written consent of the adverse party. Beene obtained neither leave of court nor Ferguson’s written consent to amend. We also note that Beene sought no extensions of time for the discovery deadline. In addition, the judgment of the Harrison County County Court states that:
 

 at no time prior to the argument on summary judgment before this Court in March 2007, or at no time since, has [Beene] filed an actual motion for leave to amend her Complaint under Rule 15 of the Mississippi Rules of Civil Procedure.
 

 Beene thereafter failed to appeal the county court’s denial of her nonconforming request to amend her complaint.
 

 C. Judicial Estoppel From Raising Defense of Res Judicata
 

 ¶ 15. Beene submits that as a result of Ferguson’s opposition to Beene’s attempt to amend her complaint to include the contract claim, Ferguson is thereby judicially estopped from asserting the defense of res judicata on appeal. Specifically, Beene argues that since Ferguson prevented Beene from amending her complaint to include the contract claims in the Harrison County County Court, Ferguson should be estopped from asserting a contrary position before the Jackson County County Court, namely that Beene’s contractual claim was conclusively resolved by the Harrison County County Court. However, Beene’s argument fails to acknowledge that she never asserted a proper motion to amend her complaint in con-
 
 *701
 
 formanee with Rule 15, and she then failed to seek to appeal the denial of the ill-fated request. Her failure to appeal the county court’s denial of her motion to amend her complaint to add the claim terminated her ability to litigate the propriety of the denial or pursue that avenue of recovery.
 

 ¶ 16. “Judicial estoppel precludes a party from asserting a position, benefit-ting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation.”
 
 Scott v. Gammons,
 
 985 So.2d 872, 877 (¶ 18) (Miss.Ct.App.2008). As stated above, res judicata bars claims which were decided, or could have been decided, in the prior action. Beene could have timely asserted her contract claim in the initial suit, or she could have appealed the county court’s denial of her motion, but failed to do so. Thus, we find that judicial estoppel poses no bar to prevent Ferguson from raising the defense of res judicata in the case at hand.
 

 D. Failure to Provide Adequate Opportunity to Litigate
 

 ¶ 17. Finally, Beene argues that she was denied an adequate opportunity to assert her contract claim before the Harrison County County Court; thus, the defense of res judicata does not apply to these claims. The discussion of the previous assignment of error inherently encompassed the crux of this assignment of error.
 

 ¶ 18. As previously stated, the record reflects that Beene possessed the opportunity to assert her contract claim. Beene failed to propound to discovery and failed to discover and to assert timely her contract claim through procedures set forth in Rule 15. As a result, her request to amend her complaint failed to constitute a proper request in accordance with the requirements of Rule 15 and was untimely made. Beene failed to either obtain leave of court or get Ferguson’s written permission to amend her complaint, as required by Rule 15. As previously stated, Beene failed to seek her opportunity to keep her contract claim alive since she asserted no appeal from the Harrison County County Court’s decision denying her motion to amend. Instead, Beene initiated new litigation by filing a separate and distinct lawsuit in the Jackson County County Court based on her contract claim stemming from the same alleged wrong. The record reflects that Beene possessed adequate opportunity to litigate her contract claim in the Harrison County County Court, but she failed to do so properly and timely. Therefore, this assignment of error is without merit.
 

 ¶ 19. We find that the Jackson County Circuit Court did not err in affirming the Jackson County County Court’s grant of summary judgment in favor of Ferguson. Therefore, we affirm.
 

 ¶ 20. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . The Harrison County County Court, Second Judicial District, had jurisdiction over this case, in that Beene also sued V. Mai Dihn, the person whose vehicle collided with her vehicle in an automobile accident which occurred in Biloxi, Mississippi.