# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00722-COA

**HE SHAO**                                                                                       **APPELLANT**

**v.**

**UNIVERSITY OF MISSISSIPPI MEDICAL**                                     **APPELLEE**
**CENTER**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/2018 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | HE SHAO (PRO SE) |
| ATTORNEY FOR APPELLEE: | MARK D. RAY |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED: 05/21/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., TINDELL AND McCARTY, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     On December 9, 2014, He Shao filed a complaint against the University of Mississippi

Medical Center (UMMC) in the Madison County Circuit Court after her termination from

a post-doctoral fellowship program with UMMC in 2011.  On October 5, 2015, the Madison

County Circuit Court dismissed the case for failure to properly serve the Attorney General's

Office within the time period prescribed by Mississippi Rule of Civil Procedure 4.  He Shao

then filed a second complaint on February 17, 2017, in Hinds County Circuit Court, which

the court later dismissed based upon the doctrines of res judicata and judicial estoppel.  He

Shao now appeals the circuit court's decision, arguing that dismissal of her second claim was

improper because the Madison County Circuit Court's order of dismissal was not a final judgment on the merits. This Court declines to apply the doctrines of res judicata and judicial estoppel to this case, but we find that He Shao's claim is barred by the statute of limitations. Therefore, the Hinds County Circuit Court's dismissal of He Shao's second complaint is affirmed.

## FACTS

¶2. On March 9, 2011, He Shao began her post-doctoral fellowship program in the Department of Pathology at UMMC. In August of 2011, she was terminated from the program and informed by a professor and several UMMC staff members that her last day would be August 15, 2011. Aggrieved by her termination, He Shao filed a complaint against UMMC in the Madison County Circuit Court on December 9, 2014, alleging claims for breach of contract, wrongful termination, abuse of power, knowingly violating the law, misconduct, fraud, and federal civil rights violations. After she failed to properly serve the Attorney General within 120 days, pursuant to Mississippi Rule of Civil Procedure 4(d)(5), the statute of limitations began to run again. On October 5, 2015, the Madison County Circuit Court granted a motion to dismiss on behalf of UMMC and dismissed He Shao's claim for failure to serve the complaint within 120 days. He Shao then filed an untimely appeal with the Mississippi Supreme Court, which UMMC moved to dismiss for lack of appellate jurisdiction. The Supreme Court granted UMMC's motion and then subsequently denied eight separate motions filed by a dissatisfied He Shao.

¶3. He Shao re-filed her complaint against UMMC on February 17, 2017, in the Hinds County Circuit Court. On May 1, 2018, the Hinds County Circuit Court entered an order dismissing the complaint based upon the doctrines of res judicata and judicial estoppel. In its order, the circuit court found that the issues raised by He Shao's new complaint were all fully and finally adjudicated or should have been raised in her case before the Madison County Circuit Court. He Shao now appeals this decision.

## STANDARD OF REVIEW

¶4. We review a ruling court's decision to grant a motion to dismiss de novo. *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 893 (¶3) (Miss. 2006). This Court is "not required to defer to the [circuit] court's judgment or ruling," but rather to sit in the same position as the circuit court in the original matter. *Id.* at (¶4).

## ANALYSIS

¶5. The Hinds County Circuit Court dismissed He Shao's complaint based upon the doctrines of res judicata and judicial estoppel. For res judicata to apply, there must have been a final judgment on the merits of the plaintiff's prior case. *Beene v. Ferguson Automotive Inc.*, 37 So. 3d 695, 698 (¶7) (Miss. Ct. App. 2010). Res judicata aims to prevent plaintiffs from attempting to "bring in a second forum claims that were part of a single body of operative facts already litigated in another forum." *Gray v. Univ. of Miss. Sch. of Med.*, 996 So. 2d 75, 81 (¶17) (Miss. Ct. App. 2008). UMMC asks this Court to apply the doctrine of res judicata to cases dismissed based upon the expiration of the statute of limitations. But, there was no full and final judgment on the merits of He Shao's first claim based upon the

3

statute of limitations. The Madison County Circuit Court's order granted the motion to dismiss by UMMC solely for failure to properly serve the Attorney General's Office within 120 days. Generally, such dismissals are granted without prejudice, allowing plaintiffs to rightfully re-file their actions if the statute of limitations has not lapsed. *See Watters v. Stripling*, 675 So. 2d 1242, 1243 (Miss. 1996). But, UMMC made no argument in its motion to dismiss that the statute of limitations had expired, and likewise, the Madison County Circuit Court made no final judgment of the same. Because the circuit court made no final judgment based upon the expiration of the statute of limitations, we find that the Hinds County Circuit Court was without authority to dismiss He Shao's second complaint on the basis of res judicata and judicial estoppel.

¶6.     While we disagree with the Hinds County Circuit Court's dismissal based upon res judicata, we do, however, exercise our authority to affirm the circuit court's decision based upon the lapse of the statute of limitations. *See Harbit v. Harbit*, 3 So. 3d 156, 163 (¶24) (Miss. Ct. App. 2009) ("An appellate court may affirm a trial court on other grounds if it finds that the trial court reached the right result despite its flawed or erroneous premises."). He Shao's first and second lawsuits against UMMC stemmed from her termination in August of 2011. "UMMC is an instrument of the State of Mississippi and is subject to the requirements of the Mississippi Tort Claims Act (MTCA)." *Univ. of Miss. Med. Ctr. v. McGee*, 999 So. 2d 837, 839 (¶7) (Miss. 2008). As such, any state tort claims against UMMC would be subject a one-year statute of limitations. Miss. Code Ann. § 11-46-11(3) (Rev. 2012). Further, in Mississippi, a three-year statute of limitations applies to a breach

of contract claim. Miss. Code Ann. § 15-1-49. For federal civil rights violations, a three-year statute of limitations also applies. *Edmonds v. Oktibbeha County*, 675 F.3d 911, 916 (5th Cir. 2012) ("Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period . . . which in Mississippi is three years."). Because He Shao's termination dates back to August 2011, any complaint filed after 2014 would be time-barred. He Shao's second complaint was filed on February 17, 2017, well past the expiration of any applicable statute of limitations for her claims. As such, we find that the complaint was properly dismissed, not based upon res judicata, but due to the running of the statute of limitations.

**CONCLUSION**

¶7. He Shao's first complaint was dismissed by the Madison County Circuit Court for failure to serve process within 120 days. However, there was no final judgment on the merits of the first complaint based upon the statute of limitations. While we disagree with the Hinds County Circuit Court's use of res judicata and judicial estoppel to dismiss He Shao's second complaint, we do find that her second complaint was filed well past the expiration of any applicable statutes of limitations. For that reason, we affirm Hinds County Circuit Court's dismissal.

¶8. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**